STEFANO LOMBARDI, Appellant, v. BOOTH & COMPANY, INC., Respondent.—
Motion to dismiss appeal denied on condition that appellant perfect the appeal
for the March term (for which term this case is set down) and be ready for
argument when reached; otherwise, motion granted. Present — Kelly, P. J.,
Rich, Manning, Kelby and Young, JJ.

LUBA NIGBERG, Appellant, v. BAKERY AND CONFECTIONERY WORKERS OF THE
INTERNATIONAL UNION OF AMERICA, LOCAL No. 100, etc., and Others, Respond-
ents.— Motion for temporary injunction denied on condition that defendants
bring on the action for trial at the February term; otherwise, motion granted.
Present — Kelly, P. J., Rich, Manning, Kelby and Young, JJ.

DANIEL A. O'GORMAN, Respondent, v. SAMUEL KAPLAN, Appellant.— Motion
for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Rich,
Manning, Kelby and Young, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL
RAILROAD COMPANY, Respondent, v. STATE TAX COMMISSION, Appellant. Town
of Cortlandt, Special Franchise Assessments for the Years 1918, 1919 and 1920.—
Motion for leave to appeal to the Court of Appeals granted. Present — Kelly,
P. J., Rich, Manning, Kelby and Young, JJ.

PAULINE ROSEN, Appellant, v. AGOSTINO DEMMA, Respondent.— Motion for
stay denied, with ten dollars costs. Present — Kelly, P. J., Rich, Manning,
Kelby and Young, JJ.

UNITED STATES OF AMERICA ex rel. LEMUEL S. MATTHEWS, Respondent, v.
MASSACHUSETTS BONDING AND INSURANCE COMPANY and Another, Appellants.—
Motion for reargument denied. Motion for leave to appeal to the Court of
Appeals granted. Present — Kelly, P. J., Rich, Manning, Kelby and Young, JJ.

MICHAEL BRASSEL, Respondent, v. THE ELECTRIC WELDING COMPANY OF
AMERICA, Appellant.— Judgment affirmed, with costs. No opinion. Kelly, P. J.,
Jaycox, Manning and Young, JJ., concur; Kapper, J., dissents upon the grounds
that the place furnished by the master was the ship itself, of the construction of
which and its condition, no complaint is made; that the removal of the trap door
was necessary in the performance of the work of defendant, and the uncovering
of the opening, as rendered necessary from time to time in the doing of the work,
was an act of the plaintiff's fellow-servants; and the foreman's direction to the
plaintiff to obtain the help of an acetylene burner, another fellow-servant of the
plaintiff, without notifying the plaintiff that the trap door might be off at the
time, was a mere detail of the employment and not in any wise the act of the
master, as the action was one at common law not dependent upon the provisions
of the Employers' Liability Act of this State* making the master liable for a
negligent direction given by one put in charge of the employees.

NELLIE B. COBB, Respondent, v. HAROLD A. COBB, Appellant.— Judgment
unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich,
Jaycox, Manning and Young, JJ.

---

* See Labor Law of 1909, § 200 *et seq.*, as amd. by Laws of 1910, chap. 352;
now Employers' Liability Law of 1921, § 2 *et seq.*— [REP.